STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Parke    }
            }
            } Docket No. 55-4-01 Vtec
            }
            }

<u>Decision and Order on Appellees= Motion for Summary Judgment</u>

Appellants appealed from a decision of the Zoning Board of Adjustment (ZBA) of the City of Rutland upholding the decision of the Zoning Administrator that the construction of a fence did not require a building permit. We note that this appeal does not address whether Appellants may have a cause of action in another court under 24 V.S.A. ' 3817[1]; however, we also note specifically that the Environmental Court would not have jurisdiction of such a cause of action. Appellants represent themselves; Appellees Chris Greeno and Lori Cillo are represented by James C. Leary, Esq.; and the City is represented by Henry Brislin, Esq.

Appellees have moved for summary judgment. The following facts are undisputed unless otherwise noted.

Appellees commenced construction of a fence along the property line between their property at 94 Church St. and Appellants= property at 92 Church St. in Rutland. This fence is 8 feet high. A former fence in this location was 5 feet high. The new fence also extends farther to the east and the west than did the former fence. The height and length of the fence are not material to the issue on summary judgment; Appellants do not dispute that it is a fence.

The state zoning enabling act allows, but does not require, municipalities to regulate fences as structures. Compare 24 V.S.A. ' 4401(b)(1), ' 4406, and ' 4407. Many municipalities do regulate the construction of fences and walls, and many do not. Some regulate walls but do not regulate fences. Some define the term Astructure@ to include or to exclude fences. The City= s Zoning Ordinance does not define the term Astructure.@

The Zoning Ordinance does not by its terms require a building permit prior to erecting a fence, and does not regulate the erection of any kind of fence in any way. Moreover, the Zoning Ordinance was first adopted in 1948, prior to the adoption of the current state enabling act in 1967. Therefore the state= s definition of A structure@ (as potentially including a fence) cannot be said to have been incorporated in any way into the City= s Zoning Ordinance.

Accordingly, Appellees= Motion for Summary Judgment must be granted, concluding Appellants= appeal. This ruling is final and may be appealed to the Vermont Supreme Court.

Done at Barre, Vermont, this 8th day of August, 2001.

_____
Merideth Wright
Environmental Judge

---

## Footnotes

[1.]  § 3817. Unnecessary fence; maintenance prohibited; penalty. A person shall not erect or maintain an unnecessary fence or other structure for the purpose of annoying the owners of adjoining property by obstructing their view or depriving them of light or air. A person who violates a provision of this section shall be fined not more than $100.00.